*409 ORDER (Petition Granted)
TODD R. MATHA, Associate Judge.
INTRODUCTION
This case concerns whether a parent can access monies on behalf of the minor child, C.T.L., DOB 01/16/84, from the Children’s Trust Fund [hereinafter CTF] to pay for documented costs associated with the retainer of a public defender in accordance with Wis. Stat. § 977.075. The Court employs the standard enunciated in the Amended and Restated Per Capita Distribution Ordinance [hereinafter Per Capita Ordinance] § 6.01(b) to assess the merit of the parent’s request. The Court grants the release of funds based upon the below reasoning.
PROCEDURAL HISTORY
The plaintiff, Katherine R. Littlejohn, initiated the current action by filing a Petition for the Release of Per Capita, Distribution with the Court on July 13, 2001. Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on July 13, 2001, and delivered the documents to the defendant, Ho-Chunk Nation Office of Tribal Enrollment. The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to the Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.], Rule 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period. The defendant, by and through Ho-Chunk Nation Department of Justice Attorney Leslie Parker Cohan, filed a timely Answer on July 19, 2001, asking that the Court hold an expedited Fact-Finding Hearing to allow the plaintiff to bring additional documentation. The following parties appeared at the July 20, 2001 Fact Finding Hearing: Attorney Leslie Parker Cohan for the Ho-Chunk Nation Office of Tribal Enrollment; Sue Thompson, legal secretary; and Katherine R. Littlejohn, plaintiff.
APPLICABLE LAW
HO-CHUNK RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(B) Summons. The Summons is the official notice to the party informing him/ her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See, HCN. R. Civ. P. 6) and that's Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed complaint attached.
Rule 58. Amendment to or Relief from Judgement or Order
(A) Relief from Judgement. A Motion to Amend or for relief from judgement, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgement. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal *410 error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgement commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement.' Clerical errors in a court record, including the Judgement or Order, may be corrected by the Court at any time.
(D) Grounds for Relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
Rule 61. Appeals.
Any final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgement or Trial Court Order must follow the HCN Rules of Appellate Procedu re.
HCN AMENDED AND RESTATED PER CAPITA DISTRIBUTION ORDINANCE
Section 6.01. Minors and Other Legal Incompetents
(a) The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payment to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTF’s approved by the Nation’s Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTF’s shall be invested in a reasonable and prudent manner which protects the *411 principal and seeks reasonable return. The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria of (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma [to the] department (HSED, GED or any similar substitute shall not be acceptable), or (ii) the Member reaches the age of twenty-five (25); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma, such Member’s per capita funds shall be retained in the CTF account, any and all per capita distributions payable to said Member after reaching age 18 will be added to such fund and not paid to the Member and the CTF account and shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur of (x) the Member produces the required diploma; (y) the Member reaches the age of twenty-five (25); or, (z) the Member is deceased.
(b) Funds in the CTF of a minor or legally incompetent member may be available for the benefit of a beneficiary’s health, education and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement program, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, (1) a written request must be submitted to the Nation’s Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds; and, (2) the parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable federal law; and, (3) any other standards, procedures and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
FINDINGS OF FACT
1. C.T.L., DOB 01/16/84, is an enrolled member of the Ho-Chunk Nation, Tribal ID # 439A003967.
2. C.T.L., DOB 01/16/84, has been charged with intentional first degree homicide in La Crosse County, Wisconsin.
3. Wis. Stat. § 977.075 requires payment for legal representation through the state Public Defender.
4. Attorney Timothy Guth has agreed to undertake the representation of C.T.L., DOB 01/16/84, in accordance with Wis. Stat. § 977.08 (Public Defender can “delegate legal representation of any person to any member of the state bar of Wisconsin”).
5. Chapter PD 6 of the Administrative Code sets forth the fees for such representation. The prepayment option for first degree intentional homicide is $5000.00. Only $500.00 will be charged if this amount is paid within thirty (30) days of appointment of counsel. If this amount is not prepaid, the maximum fee is $7,500.00.
*412 6. The Court has previously held that the payment for legal counsel is not analogous to the inherent parental obligation to provide food, clothing, shelter, and like necessities. See In the Interest of Minor Child: C.J.W., DOB 01/03/84, by Anne Johnson v. Ho-Chunk, Nation Office of Tribal Enrollment, CV 99-68 (HCN Tr. Ct., Oct. 8, 1999) at 7.
7. The parties know of no other state, federal, or tribal program that could be utilized to prepay for this legal representation.
8. As of June 2001, C.T.L., DOB 01/16/84, had an amount of $49,992.41 deposited in the CTF account.
DECISION
The plaintiff presents the Court with a case concerning the purported health and welfare interests of a minor child. The Court must analyze the presented facts and request under the standard enunciated in Per Capita Ordinance § 6.01(b) and further elucidated in In the Interest of Minor Child: S.D.S., DOB 04/25/83, by Michelle R. DeCora v. Ho-Chunk Nation Office of Tribal Enrollment, CV 00-35 (HCN Tr. Ct., May 4, 2000) at 6. The Court is obligated to scrutinize each Petition for the Release of Per Capita Distribution as it relates to minor children under the following standard:
First, the Court may only grant a release for the benefit of a beneficiary’s health, education or welfare. Per Capita Distribution Ordinance § 6.01(b). Second, any such benefit must represent a [need], and not a want or desire. Id. Third, the par-entis) or guardian(s) must demonstrate special financial need. Id. Finally, the plaintiff must, provide evidence of exhaustion of tribal funds and public entitlement programs, Id.
DeCora v. Ho-Chunk Nation Office of Tribal Enrollment, CV 00-35 (HCN Tr. Ct., May 4, 2000) at 6.
The Court dispenses with discussion of the third and fourth factors as the Findings of Fact clearly support affirmative responses. The Court finds that the prepayment of legal fees for a Public Defender will certainly benefit the health and welfare of the minor child given the gravity of the charge, and the fact that such prepayment will result in saving the minor child $7,000.00. Furthermore, the Court finds that this request in no way represents a want or a desire.
BASED UPON THE FOREGOING, the Court authorizes Old Kent Bank to release a check in the amount of $500.00 from the CTF account of C.T.L, DOB 01/16/84, made payable to the Wisconsin Public Defenders Office at P.O. Box 7923, Madison, WI 53703-7923. The above cheek shall specifically state: “for Colin Todd Littlejohn, Social Security number 391 92 3260, DOB January 16, 1984.”
The Court directs the plaintiff, Katherine R. Littlejohn, to “maintain records sufficient to demonstrate that the funds disbursed were expended as required by [the Per Capita Distribution Ordinance] and any applicable Federal law.” Per Capita Distribution Ordinance § 6.01(b). The plaintiff shall submit a financial report to the Court within two (2) months after receipt of the disbursement. The report shall include copies of all bills, receipts and other relevant documentation, corroborating the proper expenditure of the authorized funds. Failure to do so may subject the plaintiff to the contempt powers of the Court pursuant to the Ho-Chunk Nation Contempt Ordinance, HCC 98-004.
*413 The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgement or Order. Otherwise, “[a]ny final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court.[1] The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically [HCN R.App. P.], Rule 7, Right of Appeal." HCN R. Civ. P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgement or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Supreme Court earlier emphasized that it "is not bound by the federal or state laws as to standards of review." Louella A. Kelly v. Jonette Pettibone and Ann Winneshiek, in their official capacities, SU 99-02 (HCN S.Ct,, Sept. 24, 1999) at 2. The Supreme Court, therefore, has voluntarily adopted an abuse of discretion standard "to determine if an error of law was made by the lower court.” Daniel Youngthunder, Sr. v. Jonette Pettibone, Ann Winneshiek, Ona Garvin, Rainbow Casino Mgmt., SU 00-05 (HCN S.Ct., July 28, 2000) at 2; see also Coalition for a Fair Gov’t II v. Chloris A. Lowe, Jr. and Kathyleen Lone Tree-Whiterabbit, SU 96-02 (HCN S.Ct., July 1, 1996) at 7-8; and JoAnn Jones v. Ho-Chunk Nation Election Bd. and Chloris Lowe, CV 95-05 (HCN S. Ct., Aug. 15, 1995) at 3. The Supreme Court accepted the following definition of abuse of discretion: "any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.” Youngthunder, Sr., SU 00-05 at 2 quoting Black's Law Dictionary 11 (6th ed. 1990). Regarding findings of fact, the Supreme Court has required an appellant to "demonstrate) ] clear error with respect to the factual findings of the trial court.” Coalition II, SU 96-02 at 8; but see Anna Rae Funmaker v. Kathrrn Doornbos, SU 96-12 (HCN S.Ct., Mar. 25, 1997) at 1-2